JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DREWETT, an individual,<br><br>    Plaintiff.<br><br>    v.<br><br>KNOTT'S BERRY FARM, LLC, a Delaware limited liability company; and<br>DOES 1 through 10, inclusive.<br><br>    Defendants. | Case No. 8:25-cv-01686-JWH-SSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF No. 12]** |

Plaintiff Kevin Drewett commenced this action against Defendant Knott's Berry Farm, LLC[1] in Orange County Superior Court. Drewett asserts claims arising under the Fair Employment and Housing Act ("FEHA") for wrongful termination, failure to provide reasonable accommodation, failure to engage in the interactive process, disability discrimination, and retaliation.[2]

Before the Court is Drewett's motion to remand.[3] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers of record,[4] the Court orders that the Motion is **GRANTED**, for the reasons set forth herein.

## I.  BACKGROUND

### A.  Factual Allegations

In September 2019, Drewett began working for Knott's Berry Farm as a General Sales Associate.[5] Drewett suffers from the disability of a seizure disorder.[6] Drewett informed Knott's Berry Farm of his disability and requested the following accommodations: short rest periods post-seizure, additional breaks when needed, and leniency with work call-outs related to his condition.[7]

---

[1]  In the Notice of Removal, Defendant's counsel asserts that Drewett incorrectly named "Knott's Berry Farm LLC," but the proper Defendant is "Six Flags Entertainment Corporation." Notice of Removal (the "Notice") [ECF No. 1] 1:26-27.

[2]  *See generally* Compl. (the "Complaint") [ECF No. 1-1].

[3]  Pl.'s Mot. to Remand Case (the "Motion") [ECF No. 12].

[4]  The Court considered the documents of record in this action, including the following papers: (1) Notice; (2) Complaint; and (3) Motion. The Court declines to consider Knott's Berry Farm's untimely opposition. *See* Def.'s Opp'n to Motion (the "Opposition") [ECF No. 14]; L.R. 7-12.

[5]  Complaint ¶ 8.

[6]  *Id.*

[7]  *Id.* at ¶ 9.

Knott's Berry Farm approved Drewett's accommodation requests without requiring any medical documentation,[8] and it provided those accommodations to Drewett without issue until February 2024.[9]

In February 2024, Drewett's manager stopped excusing Drewett's disability-related work absences, and Drewett received disciplinary tracking on his record.[10] In March 2024, Drewett experienced a "chain seizure episode" that lasted approximately two hours.[11] Two days later when Drewett returned to work, he was directed to report to the first aid department[12] where he was presented with the choice of accepting an indefinite medical leave or termination.[13]

The next day, Knott's Berry Farm's Human Resources personnel told Drewett that the medical leave was not indefinite, but that Drewett had three months to obtain documentation from his doctor that he may return to work.[14] Drewett's doctor was unable to provide that documentation, and Knott's Berry Farm terminated Drewett's employment in May 2024.[15]

**B.     Procedural History**

In April 2025, Drewett filed his Complaint in Orange County Superior Court.[16] In his Complaint, Drewett seeks the remedies of general damages,

---

[8]     *Id.*
[9]     *Id.* at ¶ 10.
[10]    *Id.* at ¶ 15.
[11]    *Id.* at ¶ 16.
[12]    *Id.* at ¶ 18.
[13]    *Id.*
[14]    *Id.* at ¶ 19.
[15]    *Id.* at ¶¶ 21–23.
[16]    *See generally id.*

special damages, non-economic (emotional distress) damages, punitive damages, prejudgment interest, attorneys' fees, expert witness fees, and other relief as the Court may deem just and proper.[17]

On July 25, 2025, Knott's Berry Farm removed this case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[18] Specifically, Knott's Berry Farm asserted that "removal is warranted as the amount in controversy exceeds the sum of $75,000, ***based on Plaintiff's discovery responses***."[19] In its Notice of Removal, Knott's Berry Farm alleged that "[u]ntil Plaintiff's discovery responses, dated July 18, 2025, Defendant did not have any information about Plaintiff's alleged amount in controversy."[20]

In August 2025, Drewett filed the instant Motion.[21] Drewett argues that the amount in controversy—exceeding $75,000—was evident from the Complaint.[22] Drewett served process on Knott's Berry Farm on April 2, 2025.[23] Drewett claims that Knott's Berry Farm's Notice was untimely because the 30-day statutory deadline for removal passed in early May 2025—months before Knott's Berry Farm filed its Notice of Removal.[24] *See* 28 U.S.C. § 1446(b)(1).

Drewett set the hearing date on this Motion for September 19, 2025.[25] Accordingly, Knott's Berry Farm's Opposition was due August 29, 2025—

---

[17] *Id.* at ¶ 67.
[18] Notice 2:3–4.
[19] *Id.* at 2:8–9 (emphasis added).
[20] *Id.* at 2:10–11.
[21] *See generally* Motion.
[22] *Id.* at 2:10–12.
[23] *Id.* at 1:2–5.
[24] *Id.* at 1:2–7.
[25] *See generally id.*

21 days before the hearing. *See* L.R. 7-9. However, Knott's Berry Farm did not file its Opposition until September 2, 2025—four days late.[26]

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). When Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. As such, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even when original jurisdiction exists. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on

---

[26]    *See generally* Opposition.

removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper" (quotation marks omitted)). Any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

## III. ANALYSIS

Drewett avers that Knott's Berry Farm's Notice was untimely because the amount in controversy was evident from the Complaint.[27] The Court agrees.

### A. Damages Evident from the Face of the Complaint

The Ninth Circuit "strictly construes the removal statute against removal jurisdiction." *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). A defendant must "apply a reasonable amount of intelligence in ascertaining removability." *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal quotation omitted). "[I]n assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012).

#### 1. General, Special, and Non-Economic (Emotional Distress) Damages

Here, it is evident from the face of the Complaint that the general, special, and non-economic damages that Drewett seeks is in excess of $35,000. Drewett's complaint specifically states that he prays for "general damages, special damages, and non-economic damages according to proof, but in an

---

[27] Motion 5:4–9.

-6-

amount in excess of the jurisdictional limit of this Court."[28] Under California law, unlimited civil cases—such as Drewett's—are required to have an amount in controversy over $35,000. *See* Cal. Civ. P. Code § 85(a).

Furthermore, when determining non-economic (emotional distress) damages, a court may look at jury verdicts from factually analogous cases. *See Angelica Cuevas v. Lowes Home Centers*, 2020 WL 6439174, at *5 (C.D. Cal. Aug. 5, 2020). The *Angelica Cuevas* court examined several jury verdicts and found instructive a case involving a barista who alleged that she was terminated after she returned to work from medical leave and that her employer told her that she could not continue working with the restrictions provided by her doctor. *See id.* (citing *Izaguirre v. International Coffee & Tea LLC*, 2013 WL 6624243, at *2 (L.A. Cty. Super. Ct. Sept. 26, 2013)). The jury awarded the barista $80,000 in past non-economic damages, as well as $40,000 in past economic damages. *See id.* The *Angelica Cuevas* court also noted that in other instances, courts have included in the amount in controversy a "conservative estimate[] of non-economic emotional distress damages based upon a 1:1 ratio with economic damages." *Id.* Like the plaintiff in *Angelica Cuevas*, here Drewett alleges that Knott's Berry Farm failed to address and accommodate his disability and instead chose to terminate his employment.[29]

Based upon the cases cited, the amount in controversy in this action may be substantial. For those reasons, the Court conservatively estimates that Drewett's general, special, and non-economic damages are at least $35,000.

---

[28] Complaint 9:20–21.

[29] *See, e.g., id.* at ¶¶ 26–30.

### 2. Punitive Damages

"It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *cert. denied*, 534 U.S. 1104 (2002).

Jury verdicts for punitive damages vary widely. *See, e.g.*, *Abarca v. Citizens of Humanity L.L.C.*, 2017 WL 2831361 (Cal. Super. Ct. March 9, 2017) (a jury awarded $550,000 in punitive damages in a case in which the plaintiff informed his employer of work restrictions due to injury, and the plaintiff alleged that his employer denied his accommodation requests, retaliated against him, and terminated his employment); *Rodriguez v. Valley Vista Servs., Inc.*, 2013 WL 2102714 (L.A. Cty. Super. Ct. Feb. 15, 2013) (a jury awarded $16,570,261 in punitive damages to a plaintiff who alleged that her employer discriminated against her because of her disability and terminated her rather than accommodating her by giving her time off). As a conservative estimate, some courts use a 1:1 ratio between punitive and compensatory damages. *See Angelica Cuevas*, 2020 WL 6439174, at *6.

Here, the Court conservatively applies a 1:1 ratio of compensatory damages to punitive damages, resulting in an estimate—for amount-in-controversy purposes—of $35,000 in punitive damages.

### 3. Attorneys' Fees

The amount in controversy may include attorneys' fees if they are permitted by law. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). A claim arising from disability discrimination in violation of FEHA allows for an award of attorneys' fees to the prevailing party. *See* Cal. Gov't. Code § 12960(c)(6).

In *GlobalTranz Enters., Inc. v. Lifeworks Tech. Grp.*, 2013 WL 12190476 (D. Ariz. July 16, 2013), the plaintiff sought $70,300 plus attorneys' fees in connection with a contract dispute between the parties. *See id.* at *1.

-8-

Additionally, the plaintiff stated that up to the point of removal, it had accrued $4,153 in attorneys' fees. *See id.* The *GlobalTranz* court stated that it "cannot turn a blind eye to common sense and find that the amount in controversy does not exceed $75,000." *Id.*

As previously discussed, a conservative estimate of the amount in controversy without attorneys' fees is $70,000.

The Court finds it more probable than not that Dewett's attorneys' fees exceed $5,000. Like the plaintiff in *GlobalTranz*, Drewett has likely incurred several thousand dollars in attorneys' fees up to the point of removal alone. *See id.* After removal, Drewett's counsel has also prepared his Motion, his Reply, and a Joint Report,[30] as well as complying with the meet-and-confer obligations imposed by the local rules. *See* L.R. 7-3. The Court is satisfied that Drewett's attorneys' fees already exceed $5,000 and that they will continue to accrue as the case progresses. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) (including a reasonable estimate of future attorneys' fees in the amount in controversy at the time of removal when a statute allowed for the recovery of attorneys' fees).

The Court concludes, as a conservative estimate, that the amount in controversy in this case includes:

- general, special, and non-economic damages of at least $35,000;
- punitive damages of at least $35,000; and
- attorneys' fees exceeding $5,000.

Therefore, the total amount in controversy evident from the face of the Complaint exceeds $75,000.

---

[30]   *See generally* Motion; Pl.'s Reply in Supp. of the Motion [ECF No. 15]; Joint Report [ECF No. 19].

**B.     Removal Window**

"[I]f the case stated by the initial pleading is removable on its face," then the 30-day removal window, defined in 28 U.S.C. §1446(b), opens when the defendant is served. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir.2005).

Here, Knott's Berry Farm was served on April 2, 2025.[31] As the Court previously discussed, damages exceeding $75,000 were evident from the face of the Complaint. The Complaint also properly alleges diversity of citizenship.[32] Therefore, to meet the statutory requirements, Knott's Berry Farm was required to file its Noice of Removal by May 2, 2025. *See* 28 U.S.C. § 1446(b)(1). However, Knott's Berry Farm did not file its Notice until July 25, 2025; the Notice is therefore untimely.[33]

Consequently, the Court **GRANTS** Drewett's Motion and **REMANDS** this case to the Orange County Superior Court.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.     Drewett's instant Motion to Remand [ECF No. 12] is **GRANTED**.

2.     This case is **REMANDED** to Orange County Superior Court.

**IT IS SO ORDERED.**

Dated:  September 30, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[31]    Motion 1:2–5.

[32]    Complaint ¶¶ 1 & 2.

[33]    *See* Removal 2:3–4.